IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

SPARTANBURG DIVISION

| | |
|---|---|
| Tommy Algathen Allen,                )<br>                                                     )<br>                          Plaintiff,      )<br>                                                     )<br>vs.                                               )<br>                                                     )<br>BMW Manufacturing, Co., LLC.,     )<br>                                                     )<br>                          Defendant.   )<br>_____)  | Civil Action No.7:05-2450-RBH-BHH<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

      This matter is before the Court on the defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The plaintiff has pled claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981. The plaintiff also contends that his employment was terminated on account of a medical condition.

      Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## **FACTUAL BACKGROUND**

      The plaintiff was employed by the defendant from January 27, 2003 to April 12, 2004, as a production associate. Sometime in February of 2003, the plaintiff informed the defendant that he had developed carpal tunnel syndrome. (Def. Mem. Summ. J. Ex. C at 88.) Thereafter, the defendant had the plaintiff examined by a Dr. Sam Zimmerman, who found no specific evidence of the syndrome. (Def. Mem. Summ. J. Ex. D.) Notwithstanding, Dr. Zimmerman restricted the plaintiff in his work abilities as though he had the syndrome, and the plaintiff never worked another shift for the defendant.

      On May 15, 2003, the plaintiff filed a claim for workers' compensation benefits. As part of his workers' compensation case, the plaintiff was to be evaluated by his personal

physician, Dr. Mark Lencke. The defendant made several unsuccessful attempts to schedule an appointment for the plaintiff with Dr. Lencke. (Def. Mem. Summ. J. Ex. C at 126 & Exs. G, H.) In a final attempt to schedule the appointment, the defendant sent the plaintiff a letter on March 12, 2004, notifying him of an appointment scheduled for March 26, 2004. (Def. Mem. Summ. J. Ex. C at 121-22.) In the letter, the plaintiff was told that if he failed to keep the appointment, he would be considered to have voluntarily resigned his employment. (*Id*; Def. Mem. Summ. J. Ex. J.)

Although the plaintiff appeared at the appointment, he refused to be tested. (Def. Mem. Summ. J. Ex. I ¶ 7.) The defendant, therefore, alleges that it terminated the plaintiff's employment for failure to comply with the instruction.

## **APPLICABLE LAW**

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has

been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## **DISCUSSION**

The plaintiff's Complaint can be reasonably read to allege that, in the termination of his employment, he was discriminated against on account of his race, in violation of Title VII and Section 1981, and on account of a medical condition. The plaintiff, however, in his response to summary judgment and in his own affidavit -- the only evidence he has submitted to the Court -- has focused exclusively on whether or not he was treated differently than similarly situated white employees in his termination. He has made no argument or proffer of evidence in support of any claim related to his medical condition -- whether for accommodation or for termination -- and, therefore, the Court considers such a claim as abandoned and, otherwise, completely without genuine issues of fact for trial.[1]

The defendant has moved for summary judgment on various grounds. The motion is easily granted for all of the following.

**I.     *Res Judicata***

First, the plaintiff's entire Complaint is barred under the doctrine of *res judicata*. The plaintiff previously filed a lawsuit against the defendant in *Allen v. BMW Mfg. TSI*, 7:04-cv-00052-RBH (*Allen* I). In that case, the plaintiff alleged that the defendant failed to accommodate him under the Americans With Disabilities Act (ADA) and terminated him for a perceived disability of carpel tunnel syndrome. (*Allen* I, Complaint at 4, 6-7 & Pl. Resp. Summ. J. at 2.) Those arguments were rejected in the Report and Recommendation of the Magistrate Judge, which was adopted by the District Court in an Order, dated March 13, 2006.

Under *res judicata* principles, a prior judgment between the same parties can preclude subsequent litigation on those matters actually and necessarily resolved in the first adjudication. *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996) The doctrine

---

[1] Whatever the nature or basis for this claim – Americans with Disabilities Act, state law, or otherwise, the plaintiff has wholly failed to meet his burden at summary judgment to produce evidence that genuine issues of material fact exist. *Celotex*, 477 U.S. at 325.

encompasses two concepts: claim preclusion and issue preclusion, or collateral estoppel. *Id*. "Rules of claim preclusion provide that if the later litigation arises from the same cause of action as the first, then the judgment bars litigation ***not only of every matter actually adjudicated in the earlier case, but also of every claim that might have been presented***." *Id*. (emphasis added) (citing *Nevada v. United States*, 463 U.S. 110, 129-30 (1983)).

Generally, claim preclusion occurs when three conditions are satisfied: (1) the prior judgment was final and on the merits, and rendered by a court of competent jurisdiction in accordance with the requirements of due process; (2) the parties are identical, or in privity, in the two actions; and (3) the claims in the second matter are based upon the same cause of action involved in the earlier proceeding. *In re Varat Enters., Inc.*, 81 F.3d at 1315; *Kenny v. Quigg*, 820 F.2d 665, 669 (4th Cir.1987). All three criteria are present in the case before the Court.

There can be no dispute that a final judgment was entered in *Allen* I, on the merits, in a court of competent jurisdiction, namely the Federal District Court for the District of South Carolina. (*See Allen* I, Order March 13, 2006.) It is also indisputable that the parties are identical in both actions.

The only issue is whether the claims in this present lawsuit are "based upon the same cause of action involved" in *Allen* I. *In re Varat Enters., Inc.*, 81 F.3d at 1315. Generally, "claims are part of the same cause of action when they arise out of the same transaction or series of transactions . . . or the same core of operative facts." *Id*. at 1316 (citing *Harnett v. Billman*, 800 F.2d 1308, 1314 (4th Cir.1986)). In this case, the plaintiff's claims are predicated on the termination of his employment. Although *Allen* I was primarily an accommodation case, the plaintiff specifically argued in *Allen* I that he was "discharged from employment due to a perceived disability of carpal tunnel syndrome." (*Allen* I, Pl. Resp. Summ. J. at 2.) The Court rejected the claim because the plaintiff had no evidence

that he had been "regarded as" disabled. (*Allen* I, Report and Recommendation at 6, 8.) The plaintiff, therefore, "might have" presented all the claims he now asserts in *Allen* I but chose not to.[2]  *See In re Varat Enters., Inc.*, 81 F.3d at 1315. Critically, the courts look at whether the claim was available to the plaintiff prior to the final judgment.  *See In re Varat Enters., Inc.*, 81 F.3d at 1316 (focusing on the fact that First Union's claim "existed at the time of confirmation"). All of the plaintiff's present claims were available to him prior to the final judgment in *Allen* I and were related to the operative facts argued in that case.

The defendant has read into the plaintiff's Complaint a claim for retaliatory discharge based on the plaintiff's filing of *Allen* I.  The Court has reviewed the Complaint but finds no such claim.[3]  Regardless, such a claim would be subject to the same effects of *res judicata*. Although the plaintiff's employment was not terminated until three months after he filed *Allen* I, the plaintiff had more than ample time to amend his Complaint to include any retaliation claim.  In fact, the plaintiff was already contesting the legality of his termination as a part of his case in *Allen* I (*Allen* I, Pl. Resp. Summ. J. at 2), and any retaliation claim would arise out of the same operative facts – to wit, his termination and the basis therefor. In *Allen* I, the plaintiff alleged that his termination of employment was on account of a disability (*see id*); a claim that it was done in retaliation would have simply been a separate legal theory.  "Different theories supporting the same claim for relief must be brought in the initial action."  *Western Sys., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir.1992) (citing Restatement (Second) Judgments § 25, cmt. d).  As stated, it is the availability of the claim

---

[2] Certainly any accommodation claim which the plaintiff has attempted to renew (see Compl. ¶ 12) is barred.

[3] Without any explanation, argument, or citation of evidence the plaintiff twice uses the word "retaliation" in his response to summary judgment.  Such a claim was not pled in his Complaint nor is it clear from the plaintiff's response on what basis such a claim is made.  Regardless, as discussed *infra*, the plaintiff has produced no evidence in support of any claim for retaliation.

at the time of final judgment that is relevant. *See In re Varat Enters., Inc.*, 81 F.3d at 1316 (focusing on the fact that First Union's claim "existed at the time of confirmation").

When all of the requirements for claim preclusion are satisfied, the judgment in the first case acts as an absolute bar to the subsequent action with regard to every claim which was actually made or and those which might have been presented. *See In re Varat Enters., Inc.*, 81 F.3d at 1315. Such is the case here.

**II.     Race Discrimination**

In the event the District Court rejects this recommendation to the extent it recommends dismissal of the case on *res judicata* grounds, the Court makes the following brief comments in regards to the plaintiff's substantive claim. The plaintiff contends that he was terminated on account of his race in violation of Title VII.

As the Fourth Circuit has explained in the wake of *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003), a Title VII plaintiff may "avert summary judgment . . . through two avenues of proof." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005) (quoting *Hill v. Lockheed Martin Logistics Management, Inc.*, 354 F.3d 277, 284 (4th Cir. 2004) (emphasis added). A plaintiff can survive a motion for summary judgment by presenting direct or circumstantial evidence that raises a genuine issue of material fact as to whether an impermissible factor such as race motivated the employer's adverse employment decision. *Diamond*, 416 F.3d at 318. Pursuant to the 1991 Act, the impermissible factor need not have been the sole factor. As long as it motivated the adverse action, the plaintiff can establish an unlawful employment practice. *See* 42 U.S.C.A. § 2000e-2(m). Alternatively, a plaintiff may "proceed under [the McDonnell Douglas ] 'pretext' framework, under which the employee, after establishing a prima facie case of discrimination, demonstrates that the employer's proffered permissible reason for taking an adverse employment action is actually a pretext for discrimination." *Hill*, 354 F.3d at 285.

7

The plaintiff summarily contends, in a half page argument, that he survives summary judgment under the McDonnell Douglas burden-shifting proof scheme. *McDonnell Douglas* requires that an employee first prove a *prima facie* case of discrimination by a preponderance of the evidence. If he succeeds, the employer has an opportunity to present a legitimate, nondiscriminatory reason for its employment action. If the employer does so, the presumption of unlawful discrimination created by the *prima facie* case drops out of the picture, and the burden shifts back to the employee to show that the given reason was just a pretext for discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973).

In *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000), the Supreme Court reiterated that evidence of pretext, combined with the plaintiff's prima facie case, does not compel judgment for the plaintiff, because " [i]t is not enough . . . to disbelieve the employer; the factfinder must believe the plaintiff's explanation of intentional discrimination." *Id.* at 147 (citation omitted). However, the Court also stated that, under the appropriate circumstances, "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id.* It is the plaintiff's burden to create an inference that the defendant's proffered reason is a pretext for intentional discrimination. *See id.* at 147-48. Pretext analysis does not convert Title VII into a vehicle for challenging unfair--but nondiscriminatory--employment decisions. *Holder v. City of Raleigh*, 867 F.2d 823, 828 (4th Cir.1989). Conclusory allegations, without more, are insufficient to preclude the granting of the defendant's summary judgment motion. *See Ross* v. *Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985) *abrogated on other grounds by Price Waterhouse v. Hopkins*, 490 U.S. 228 (1989).

The plaintiff has made no specific attempt to demonstrate that he can make out a *prima facie* case. To establish a *prima facie* case of discriminatory discharge, the plaintiff

must show: (1) that he is a member of a protected class; (2) that he suffered from an adverse employment action; (3) that at the time the employer took the adverse employment action he was performing at a level that met her employer's legitimate expectations; and (4) that the position was filled by a similarly qualified applicant outside the protected class. *See King v. Rumsfeld*, 328 F.3d 145, 149 (4th Cir. 2003); *Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 607 (4th Cir.1999). *Cf. Miles v. Dell, Inc.,* 429 F.3d 480, 485 (4th Cir. 2005) (recognizing exceptions to the fourth prong). The plaintiff, in cursory fashion, reasons that "his Affidavit and the Affidavit of Dr. Mark L. Lencke, MD create genuine issues of fact." (Pl. Resp. Summ. J. at 3.) The plaintiff makes no effort to link his evidence to the elements of his *prima facie* case. It is not the Court's responsibility to comb the record either for supporting evidence or to craft arguments for a party. Federal Rule of Civil Procedure 56 and Local Rule 7.05(A) place that burden squarely on the parties themselves to fashion salient legal arguments and to direct the Court to any legal or evidentiary materials in support. *See* Fed. R. Civ. P. 56; DSC Local Civil Rule 7.05. To these ends, the plaintiff has made virtually no effort.

Moreover, the plaintiff has not, in fact, submitted any affidavit of Dr. Lencke,[4] and the representations in his own self-serving affidavit are all based upon "information and belief" and not his own personal knowledge (*see* Pl. Aff.), as required. *See* Fed. R. Civ. P. 56(e); *see also Cottom v. Town of Seven Devils*, 30 Fed. Appx. 230, 234 (4th Cir. 2002) ("Therefore, statements based solely on information and belief do not satisfy the requirements of Rule 56."). Not only is the evidence inadequate but it does not even forecast the third and fourth elements of his *prima facie* case that he was performing to his

---

[4] To the extent the plaintiff intended to rely upon the affidavit of Lencke submitted by the defendant, which the Court has reviewed, he has wholly failed to explain how that affidavit has the effect of creating genuine issues of fact in regards to the legal elements of his claims.

9

employer's legitimate expectations or that he was replaced by someone outside of the protected class.  *See King*, 328 F.3d at 149.

But even assuming that the plaintiff could make out a *prima facie* case, he has not made any rejoinder to the defendant's proffer of a legitimate, non-discriminatory reason for his termination -- that he failed to follow a direct company order.  The plaintiff offers no evidence of pretext as is his burden.  *See Reeves*, 530 U.S. at 147-48.  In fact, he does not even address the defendant's reason.  Without citation to a single piece of evidence, the plaintiff makes the bald allegation that the defendant suspended him and subjected him "to numerous tests while not requiring same [sic] of the white employees."  (Pl. Resp. Summ. J. at 3.)  As stated, the only "evidence" the plaintiff has concerning the treatment of any other employees is his inadmissable, self-serving affidavit made without personal knowledge and based in part on hearsay testimony.  *See Cottom*, 30 Fed. Appx. At 234 ("Likewise, hearsay statements, which would be inadmissible, do not meet Rule 56's standards.")  The plaintiff has simply failed to demonstrate any genuine issues of fact for consideration at trial.  His "[m]ere speculation . . . cannot create a genuine issue of material fact" sufficient to survive a motion for summary judgment.[5]  *See Cox v. County of Prince William*, 249 F.3d 295, 299 (4th Cir.2001).

Finally, to the extent the plaintiff has pled a claim for retaliation of any kind, the plaintiff has wholly failed to submit any evidence which would create a genuine issue of fact regarding the same.  Such is his burden to do, regardless of the defendant's showing.  *See Celotex*, 477 U.S. at 325.  Any retaliation claim, therefore, should be dismissed.

---

[5] For all these same reasons, the plaintiff's 42 U.S.C. § 1981 claim, which he makes no effort to support, must fail.  *See Gairola v. Virginia Dep't of General Services*, 753 F.2d 1281, 1285 (4th Cir. 1985).

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the defendant's motion for summary judgment be GRANTED as to all claims pending against the defendant.

IT IS SO RECOMMENDED.

                                            s/Bruce H. Hendricks
                                            United States Magistrate Judge

November 7, 2006

Greenville, South Carolina